UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| GARY HALL, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:10-CV-00188-KSF |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ERIC D. WILSON, *Warden* | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\* \*\* \*\* \*\* \*\*

Petitioner Gary Hall, confined in the United States Penitentiary-McCreary ("USP-McCreary") in Pine Knot, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. R. 2. Hall has named Eric "C." Wilson, Warden of USP-McCreary, as the respondent to this proceeding.[1]

As Hall has paid the $5.00 filing fee, the Court screens his petition pursuant to 28 U.S.C. § 2243. At the screening phase, the Court must dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted).[2]

---

[1] Hall's spelling of Wilson's name is incorrect. The Clerk of the Court will be directed to change Wilson's name in the CM/ECF system from Eric **"C."** Wilson to Eric **"D."** Wilson.

[2] The Court holds *pro se* pleadings to less stringent standards than those drafted by attorneys. *Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the Court accepts as true a *pro se* litigant's allegations and liberally construes them in his favor. *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001).

Hall alleges that based upon alleged violations of the Speedy Trial Act, 18 U.S.C. § 3161, his federal conviction and sentence violate the Due Process Clause of the Fifth Amendment of the United States Constitution. Because Hall has not shown either that his remedy under 28 U.S.C. § 2255 was inadequate and ineffective to challenge his conviction, or that he is actually innocent of the offenses of which he was convicted, the Respondent will not be required to file an answer or other pleading; Hall's § 2241 petition will be denied; and this action will be dismissed with prejudice.

## CRIMINAL CONVICTION AND POST-CONVICTION LITIGATION

Hall was convicted in the United States District Court for the District of Maryland of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and received a 120-month sentence. *United States v. Hall*, 1:02-cr-00252-JFM-1 (D. Md.) ("the Trial Court"). The Fourth Circuit affirmed the judgment on appeal. *See United States v. Hall*, 114 F. App'x. 70 (4th Cir. 2004).

On June 17, 2005, Hall filed his first motion to vacate his sentence under 28 U.S.C. § 2255, asserting that the evidence against him had been insufficient. On September 20, 2005, the Trial Court denied his § 2255 motion on the grounds that the Fourth Circuit had decided the sufficiency of the evidence challenges which Hall had raised on direct appeal, and that, accordingly, Hall could not raise on collateral appeal issues which had been previously decided on direct appeal. *See Hall v. United States*, Civil Action No. JFM-05-1725 (D. Md).

Hall appealed the denial. On July 24, 2006, the Fourth Circuit denied Hall a certificate of appealability and dismissed his appeal. *See United States v. Hall*, 190 F. App'x. 237 (4th Cir.

2006). On March 5, 2007, Hall filed a second 28 U.S.C. § 2255 motion, which was dismissed without prejudice for lack of jurisdiction. *See Hall v. United States*, Civil Action No. JFM-07-967 (D. Md).

On November 19, 2009, Hall filed a motion in the Trial Court seeking relief from his criminal judgment under Fed. R. Civ P. 60(b) (4) and (6), asking to "re-open" the first § 2255 petition on the grounds it was procedurally defective. Hall argued that because, on direct appeal, he had challenged the sufficiency of the evidence to convict him, the Trial Court had improperly denied his first § 2255 motion as procedurally defaulted. Hall alleged that the Trial Court should have allowed him to amend his "defective" § 2255 motion before denying it.

The Trial Court denied Hall's Rule 60(b) motion, concluding that extraordinary relief was not warranted. *See United States v. Hall*, 1:02-cr-00252, 2009 WL 4730983, at *1 (D. Md. December 7, 2009). Specifically, the Trial Court determined that it had subject-matter jurisdiction over Hall's first § 2255 motion; that no procedural improprieties had occurred in denying the § 2255 motion; and that Hall asserted no factual or legal basis to justify voiding the judgment under either subsection of Rule 60(b).[3]

---

[3] In rejecting Hall's claim that he should have been allowed to "amend" his § 2255 motion, the Trial Court explained:

> Hall appears to misunderstand the basis for denial of his first § 2255 petition. Once an issue has been fully considered and decided on direct appeal, it cannot be relitigated under § 2255. *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir .1976). Procedural default is a separate principle. It provides that claims of trial error that could have been, but were not, raised on direct appeal are barred from review under § 2255, unless the defendant shows cause for the default and actual prejudice resulting from such errors or demonstrates that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack because he
> (continued...)

3

Still undeterred, Hall appealed the denial of his Rule 60(b) motion. On September 1, 2010, the Fourth Circuit again denied Hall a certificate of appealability and dismissed his appeal. *See United states v. Hall*, 394 F. App'x 3 (4th Cir. 2010). That court determined that Hall had demonstrated neither that the denial of his Rule 60(b) motion was debatable, nor that the ruling stated a debatable claim of the denial of a constitutional right. *Id.*, at **1.

## CLAIMS ASSERTED IN § 2241 PETITION

Hall argues that two cases, *Zedner v. United States*, 547 U.S. 489, 126 S.Ct. 1976 (2006), and *Bloate v. United States*, --- U.S. ----, 130 S.Ct. 1345 (2010), caused a retroactive change in the law and application of the Speedy Trial Act which entitles him to habeas relief from his conviction and sentence under § 2241.

*Zedner* was a direct appeal case in which the Supreme Court held that a criminal defendant may not prospectively waive the application of the Speedy Trial Act (thus, a "petitioner's waiver 'for all time' was ineffective"), *id*. at 1987, and that "when a district court makes no findings on the record in support of an [ends-of-justice] continuance, harmless-error review is not appropriate." *Id*. 126 S. Ct. at 1990. In *Bloate*, the Supreme Court determined certain time exclusions under the Speedy Trial Act to be improper and rejected an interpretation of a provision that would have rendered the entire Act a nullity. *Id*. 130 S. Ct. at 1353, n. 9.

---

³(...continued)
is likely actually innocent of criminal conduct....

*United States v. Hall*, 2009 WL 4730983, at *1, n.1 (citing *Bousely v. United States*, 523 U.S. 614, 621(1998)).

4

Hall argues that under *Zedner*'s framework, the Trial Court violated his speedy trial rights by not only granting continuances causing delays of more than 70 days, but also by holding his criminal case in abeyance between August 15, 2002 and June 4, 2003. *See* Petition, R. 2, p. 5. Hall contends that the alleged speedy trial violations present exceptional circumstances, and that to avoid a miscarriage of justice, this Court must grant him relief from his conviction under § 2241. He argues that because *Zedner* and *Bloate* were rendered after his conviction and sentence were affirmed on appeal and after he first sought relief under § 2255, his remedy under § 2255 was inadequate and ineffective to challenge his federal detention. Finally, he alleges that both cases either apply, or should apply, to collateral challenges such as his.

## DISCUSSION

Hall is not entitled to relief under § 2241 because he fails to show that he is actually innocent of the § 922(g) offense of which he was convicted and for which he is serving his current federal sentence. Title 28 U.S.C. § 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful conviction or sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). It is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10-cv-00036, 2010 WL at 3283018 at * 6 (E.D. Tenn., August 17, 2010) (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000)).

There is one exception: the "savings clause" of § 2255 permits relief under § 2241 if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447 (quoting *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e).

A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e). In order to obtain relief under § 2241, the prisoner must prove either that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention, *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), or that an intervening change in the law establishes his actual innocence. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001).

As *Zedner* was rendered long after Hall's conviction was affirmed in 2004, and long after he filed his first § 2255 motion in the Trial Court on June 17, 2005, the relevant considerations in this proceeding are whether Hall asserts a legitimate claim of actual innocence, and whether *Zedner* qualifies as a retroactively applicable decision determining that the conduct of which Hall was convicted is no longer criminal. *See Bousley*, 523 U.S. at 620. The Court finds that because Hall does not assert a claim of actual innocence, and because *Zedner* does not apply retroactively to collateral challenges, he cannot demonstrate actual innocence and obtain relief under § 2241.

Although a § 2241 petitioner can invoke the savings clause of § 2255 by alleging "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), actual innocence requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623-24; *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). He must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

6

Hall does not allege that after his conviction was affirmed on appeal new facts or evidence surfaced suggesting that he is actually innocent of the specific offense of which he was convicted, *i.e.*, being a felon in possession of a firearm in violation of § 922(g). Hall claims *only* that the Trial Court committed procedural errors by improperly continuing his criminal proceeding in violation of the Speedy Trial Act. That claim qualifies at best as one of legal insufficiency, not one of actual innocence of the underlying § 922(g) firearm offense.

Courts have consistently held that *Zedner* challenges do not constitute claims of actual innocence. *See, e.g.*, *Edwards v. Tamez*, No. 3:07-CV-01341, 2008 WL 495801, at *3 (N.D. Tex. February 21, 2008) (finding that "*Zedner* does not establish that Petitioner was actually innocent of the charge against him or decriminalize the conduct for which he was convicted."); *Dorman v. United States*, No. 4:07-CV-00079, 2007 WL 2809917, at *2 (W.D. Ky. September 25, 2007) (finding that § 2241 was not available as to petitioner's *Zedner* claim); *Carbe v. United States*, No. H-06-4055, 2007 WL 294153, at *1 (S.D. Tex. January 29, 2007) (same); *Montgomery v. United States*, No. CV-06-367-FVS, 2007 WL 130194, at *2 (E.D. Wash. January 16, 2007) (same). Because Hall does not allege that he is actually innocent of the specific § 922(g) felon-in-possession-of-a firearm offense for which he was convicted, he does not assert a claim of actual innocence that would entitle him to relief under § 2241.

Hall also fails to show that *Zedner* applies retroactively to prisoners who are collaterally challenging their conviction, a showing required for asserting a claim of actual innocence. *Bousley*, 523 U.S. at 620. It is highly unlikely that Hall could ever make such a showing. Courts have consistently held that because *Zedner* announced only a procedural rule of law

instead of a substantive rule, and because *Zedner* is not a "watershed" rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding, it was not meant to apply retroactively to cases on collateral review. *See Shipley v. United States*, No. 2:07-CV-02051, 2007 WL 4372996, at *5 (W.D. Ark. December 12, 2007); *Edwards v. Tamez*, No. 3:07-CV-01341, 2008 WL 495801, at *3; *Montgomery v. United States*, No. CV-06-367, 2007 WL 130194, *1 (E.D. Wash. January 16, 2007), *Carbe v. United States*, 2007 WL 294153, *1, and *Fowler v. Jeter*, No. 4:06-CV-610, 2006 WL 3690415, *2 (N.D. Tex. December 12, 2006).

Finally, Hall does not allege that *Bloate* applies retroactively to prisoners collaterally challenging their conviction. The Court can find no authority to support any interpretation that *Bloate* applies retroactively to collateral challenges, which is what a § 2241 petition is.

Because Hall has not shown that he is actually innocent of the § 922(g) offense of which he was convicted, and because there is no authority that either *Zedner* or *Bloate* apply retroactively to collateral challenges, he cannot invoke the savings clause of § 2255 and obtain relief under § 2241. His petition will be denied and this action will be dismissed, with prejudice.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) The Clerk of the Court is directed to change the Respondent's name in the CM/ECF system from Eric **"C."** Wilson to Eric **"D."** Wilson.

(2) Gary Hall's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, R. 2, is **DENIED**;

(3) This action will be **DISMISSED**, *sua sponte*, with prejudice from the docket of the Court; and

(4) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, Eric D. Wilson, Warden of USP-McCreary.

This February 16, 2011.

Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**